SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
GILLIAN RUSSELL-CLARKE,

        Plaintiff,

   -against-

WALMART INC.

        Defendant.
---------------------------------------------------------------X

Index No.:

Filed:

Plaintiff designates
Nassay County as the
Place of Trial

**SUMMONS**

The basis of venue is:
Plaintiff's domicile

To the above named Defendants:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to served a notice of appearance, in the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and if you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
    March 12, 2021

              SPAR & BERNSTEIN, P.C.

              _____
              David S. Levy, Esq.
              Attorneys for Plaintiff
              225 Broadway, Suite 512
              New York, New York 10007
              (646) 688-4744 (P.I. Department)
              (212) 791-1230 (fax)

TO:

*Via NY Secretary of State*
WALMART INC.
28 LIBERTY STREET
NEW YORK, NEW YORK 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
GILLIAN RUSSELL-CLARKE,

               Plaintiff,

   -against-

WALMART INC.

              Defendant.
-----------------------------------------------------------------X

Index No.:

VERIFIED COMPLAINT

Plaintiff, **GILLIAN RUSSELL-CLARKE**, by her attorneys, SPAR & BERNSTEIN, P.C., complaining of the Defendant herein alleges as follows:

1. That at all times herein mentioned, Plaintiff, GILLIAN RUSSELL-CLARKE was a resident of the County of Nassau, State of New York.

2. That at all times herein mentioned, WALMART INC. was a foreign business corporation duly authorized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, WALMART INC. a foreign business corporation duly authorized to conduct business in the State of New York.

4. That at all times herein mentioned, WALMART INC. a foreign business corporation doing business in the State of New York.

5. That on or about August 12, 2018, Defendant WALMART INC. owned the premises, appurtenances and fixtures thereto, located at 2465 Hempstead Turnpike East Meadow, NY 11554 (the "Premises").

6. That on or about August 12, 2018, Defendant WALMART INC. leased the Premises.

7. That on or about August 12, 2018, Defendant WALMART INC. sublet the Premises.

8. That on or about August 12, 2018, Defendant WALMART INC. maintained the Premises.

9. That on or about August 12, 2018, Defendant WALMART INC. managed the Premises.

10. That on or about August 12, 2018, Defendant WALMART INC. controlled the Premises.

11. That on or about August 12, 2018, Defendant WALMART INC. supervised the Premises.

12. That on or about August 12, 2018, Plaintiff was lawfully about the aforesaid Premises.

13. That on or about August 12, 2018, while Plaintiff was lawfully about the Premises, a bike was caused to fall off a rack and strike the Plaintiff.

14. That the foregoing incident was caused as a result of the negligence of the defendants, their agents, servants and/or employees.

15. By reason of the foregoing, Plaintiff sustained personal injuries.

16. That the Plaintiff's personal injuries were caused a result of the negligence of the Defendant, its agents, servants and/or employees.

17. By reason of the foregoing, Plaintiff TILYAYEVA sustained personal injuries.

18. The aforesaid injuries were the result of the negligence of the Defendant herein.

19. The aforesaid injuries were the result of the negligence of the Defendants herein in the ownership, operation, management, maintenance and/or control of the aforesaid Premises.

20. The aforesaid injuries were the result of the negligence of the Defendants herein in causing, permitting and/or allowing a defective condition to exist upon the aforesaid premises.

21. The aforesaid injuries were the result of the negligence of the Defendants herein in causing, permitting and/or allowing a hazard to exist upon the aforesaid premises.

22. The aforesaid injuries did not result from any negligence or fault on the part of the Plaintiff herein.

23. The limitations on liability set forth in CPLR §1601 do not apply by reason of one or more of the exemptions set forth in CPLR §1602.

24. By reason of the foregoing, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all other Courts that could otherwise have jurisdiction over this matter.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on the causes of action in amounts in excess of the jurisdictional limits of all other Courts that could otherwise have jurisdiction over this matter, together with interest and the costs and disbursements of this action.

Dated: New York, New York
      March 12, 2021

SPAR & BERNSTEIN, P.C.

David S. Levy, Esq.
Attorneys for Plaintiff
225 Broadway, Suite 512
New York, New York 10007
(646) 688-4744 (P.I. Department)
(212) 791-1230 (fax)

## ATTORNEY VERIFICATION

DAVID S. LEVY, an attorney admitted to practice law before the Courts of the State of New York, and associated with the firm of SPAR & BERNSTEIN, P.C., attorneys for Plaintiff GILLIAN RUSSELL-CLARKE, affirms the following:

That I have read the foregoing VERIFIED COMPLAINT and know the contents thereof, that the same is true to my own knowledge except as to those matters, I believe them to be true.

That the information contained therein was obtained based on a review of Plaintiff's legal case file.

That the reason this verification is made by your affirmant and not by the Plaintiff is because the Plaintiff does not reside within New York County, where SPAR & BERNSTEIN, P.C., maintains its office.

The undersigned affirms that the foregoing statement is true under the penalties of perjury.

Dated: New York, New York
March 12, 2021

_____
DAVID S. LEVY, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU                                                   Index No.:

GILLIAN RUSSELL-CLARKE,

                              Plaintiff,

    -against-

WALMART INC.

                              Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

SPAR & BERNSTEIN, P.C.
*Attorneys for Defendants*
225 Broadway, 5th FL
New York, New York 10007
(646) 844-1687

WM 21-269 PC
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
GILLIAN RUSSELL-CLARKE,

        Plaintiff,

-against-

WALMART INC.,

        Defendant.
-------------------------------------------------------------------X

Index No.: 603084/2021

**VERIFIED ANSWER**

The defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

2: Defendant denies the allegations set forth in paragraphs marked "2", "3" and "4" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

3: Defendant denies the allegations set forth in paragraph marked "5" and each and every part thereof.

4: Defendant denies the allegations set forth in paragraph marked "6" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the East Meadow Walmart store.

5: Defendant denies the allegation set forth in paragraphs marked "7", "8", "9", "10" and "11" and refers all questions of law to the trial court.

6: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "12" and "13" and each and every part thereof.

7: Defendant denies the allegations set forth in paragraph marked "14" and each and every part thereof.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "15" and each and every part thereof.

9: Defendant denies the allegations set forth in paragraph marked "16" and each and every part thereof.

10: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "17" and each and every part thereof.

11: Defendant denies the allegations set forth in paragraphs marked "18", "19", "20" and "21" and each and every part thereof.

12: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "22" and each and every part thereof.

13: Defendant denies the allegation set forth in paragraph marked "23" and refers all questions of law to the trial court.

14: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "24" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
      April 15, 2021

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant

By:   s/ _____
     PATRICIA A. O'CONNOR
     7 Bayview Ave
     Northport, NY, 11768
     (631) 261-7778
     File No.: WM 21-269 PC

TO:   SPAR & BERNSTEIN, P.C.
     Attorneys for Plaintiff
     225 Broadway, Suite 512
     New York, New York 10007
     (646) 688-4744

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      April 15, 2021

s/_____
PATRICIA A. O'CONNOR
